UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE NOEL ALVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-104 |
| | § | |
| SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Joe Noel Alvarez, proceeding pro se, filed a complaint seeking reversal of the decision of the defendant Commissioner of Social Security (Commissioner) for the purpose of receiving Disability Insurance Benefits (DIB). On May 27, 2016 Defendant filed a motion to dismiss Plaintiff's complaint on the basis that it is time-barred (D.E. 6). Plaintiff did not respond to the motion to dismiss. For the reasons discussed below, it is respectfully recommended that Defendant's motion to dismiss be granted and Plaintiff's cause of action be dismissed.

## BACKGROUND

Plaintiff filed an application for DIB on August 31, 2012, alleging an onset date of February 5, 2010 (D.E. 6-1 at p. 6). The application was denied and Plaintiff sought review by an Administrative Law Judge (ALJ) (D.E. 6-1 at pp. 13-14, 29). The ALJ denied Plaintiff's claim on September 11, 2014 and Petitioner sought review by the Appeals Council (D.E. 6-1 at pp. 18-29). In a notice dated December 23, 2015, the Appeals Council declined to review the ALJ decision (D.E. 6-1 at pp. 33-36). Plaintiff

filed a "Request for Review of Hearing Decision/Order" on March 4, 2016 (D.E. 1-1 at p. 17).  By notice dated March 8, 2016, Plaintiff was advised by the Social Security Administration that it was returning Plaintiff's request for review because the hearing decision had already been reviewed and denied.  Plaintiff was advised that if he wished to pursue his claim further, he should file a civil action in the United States District Court (D.E. 101 at p. 16).  Plaintiff filed this action seeking review of the ALJ decision on March 29, 2016 (D.E. 1).

Plaintiff alleges that he is unable to support himself or his daughter because of his disability.  He said he has issues with his bones and the discs in his back, including osteoarthritis.  He has had surgery on his right shoulder and needs surgery on his left shoulder.  When he wakes up in the morning his hands are numb and he is in pain (D.E. 1-1 at p. 1).

## APPLICABLE LAW

Defendant moves to dismiss Plaintiff's complaint because it is time-barred.  Social Security regulations provide that a person who wishes to file a lawsuit challenging an administrative denial of benefits must do so within sixty days of receipt of the notice of the decision or within such further time as the Commissioner of Social Security may allow.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981.  A person is considered to have received notice of the administrative decision five days after it was mailed unless the person shows that the notice was not received in that time frame.  20 C.F.R. § 404.901.

In this case, notice was mailed to Plaintiff on December 23, 2015 and presumed received on December 28, 2015.  He had sixty days from that date, or until February 26,

2015, to file his lawsuit. Because he did not file it until March 29, 2016, it was untimely and is barred by the statute of limitations. *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991).

The sixty-day period is not jurisdictional but is considered a period of limitations, subject to equitable tolling in some circumstances. *Bowen v. City of New York*, 476 U.S. 467, 478-479 (1986). Equitable tolling is appropriate when it is consistent with Congress' intent in enacting 42 U.S.C. § 405(g) and appropriate considering the facts of the case. *Id.* at 479.

Plaintiff in this case did not respond to the motion to dismiss and thus has not presented any evidence or argument that tolling of the statute of limitations would be appropriate in his case. Nor are grounds for equitable tolling apparent from the record. Accordingly, it is respectfully recommended that Plaintiff's cause of action seeking judicial review of the denial of disability events be dismissed because it is time-barred.

## RECOMMENDATION

Based on the foregoing, the Commissioner's motion to dismiss (D.E. 6) should be GRANTED. Plaintiff' cause of action should be DISMISSED because he filed it outside the sixty-day limitations period set forth in 42 U.S.C. § 405(g).

Respectfully submitted this 13th day of January, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).